MICHELE BECKWITH
Acting United States Attorney
MATTHEW THUESEN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-326 DJC |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| TUNG PHAM, | |
| Defendant. | |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this case;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to witnesses or potential witnesses in this case, including personal identifying information and financial account information;

WHEREAS, the defendant, TUNG PHAM, has counsel ("Defense Counsel") who desires to review the discovery;

WHEREAS, this Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1; and

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate in this case;

The defendant and the United States, by and through their undersigned counsel of record, agree

1

and stipulate to and request that this Court enter the following Order:

1. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

2. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, interpreters, and investigators involved in the representation of the defendant ("the Defense Team").

3. The Defense Team may show witnesses who are not a part of the Defense Team the protected discovery in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of his or her participation in the underlying events or conduct, would have seen or had reason to know such discovery, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness the protected discovery. Witnesses may only view the protected discovery in the presence of the Defense Team. No witness or potential witness may retain copies of the protected discovery after his or her review of those materials with the Defense Team is complete.

4. The protected discovery and information therein may only be used in connection with the litigation of this criminal case and for no other purpose. The protected discovery is now and will forever remain the property of the United States.

5. Defense Counsel and the defendant, if he retains any copy of any material, will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this Order.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipient a copy of this Order and advise that person that the protected discovery is the property of the United States, that the protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel

agrees to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising the defendant, employees, and other members of the Defense Team of the contents of this Order.

9. While this Order applies to any copies made of any materials covered by this Order, it does not apply to any materials that the defendant or the Defense Team may have or gain access to via independent means, even if copies or duplicates of those materials may be covered by this Order.

10. Nothing in this Order shall prevent the United States from redacting personal identifying information or other confidential information in any of the protected discovery related to the identity of cooperators and informants.

11. Nothing in this Order limits the United States from disclosing the protected discovery to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

12. This Order is without prejudice to either party applying to the Court to modify the terms of this Order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

Dated: February 19, 2025

Respectfully submitted,

MICHELE BECKWITH
Acting United States Attorney

By: /s/ *MATTHEW THUESEN*
MATTHEW THUESEN
Assistant United States Attorney

Dated: February 19, 2025

By: /s/ *MEGHAN D. MCLOUGHLIN*
MEGHAN D. MCLOUGHLIN
Assistant Federal Defender
Counsel for TUNG PHAM

**<u>ORDER</u>**

IT IS SO ORDERED.

DATED: February 24, 2025

_____
CHI SOO KIM
U.S. MAGISTRATE JUDGE